UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMY A. N.,

               Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. 3:19-CV-05070-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

      Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

      After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Peter Weiss's opinion. Had the ALJ properly weighed Dr. Weiss's opinion, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS - 1

remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On June 17, 2015, Plaintiff filed applications for DIB and SSI, alleging disability as of December 28, 2014. *See* Dkt. 13, Administrative Record ("AR") 22. The application was denied upon initial administrative review and on reconsideration. *See* AR 22. A hearing was held before ALJ Rebecca L. Jones on August 27, 2017. *See* AR 22. In a decision dated January 8, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 38. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly evaluate the medical evidence, specifically the opinions of Drs. Weiss, Greg Saue, Drew Stevick, Jamie McKenzie, and Amir Atabeygi; (2) failing to properly evaluate Plaintiff's subjective symptom testimony; and (3) improperly determining Plaintiff's RFC. Dkt. 17, p. 2-17.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.     Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ failed to properly consider the opinions of Drs. Weiss, Saue, Stevick, McKenzie, and Atabeygi. Dkt. 17, pp. 2-8.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.     Dr. Weiss

Dr. Weiss completed a psychological evaluation of Plaintiff on April 19, 2017, which he summarized on a Department of Social and Health Services form. AR 504. He diagnosed Plaintiff with major depressive disorder, anxiety, and borderline intellectual functioning. AR 505. Dr. Weiss opined Plaintiff has marked limitations in understanding, remembering, and persisting in tasks following detailed instructions. AR 506. He also opined Plaintiff has severe limitations in performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, and completing a normal

work day and work week without interruptions from psychologically based symptoms. AR 506.

The ALJ gave several reasons at various places in her decision for giving Dr. Weiss's opinion little weight. The ALJ first discussed Dr. Weiss's opinion generally and gave it little weight, because:

> It appears Dr. Weiss based his ratings on the claimant's self-report of symptoms as well as IQ testing. While subjective reports and testing can be valid indicators of functioning, the undersigned finds other factors in the record more persuasive, such as the claimant's complete lack of treatment for allegedly debilitating symptoms, as well as his reported activities and associated demonstrated functioning. (1) The undersigned finds it significant the claimant's complete lack of treatment for his mental health symptoms and his failure even to mention such symptoms to his primary care provider, his diabetes provider (Ms. Smith), or his hematologist/oncologist (Dr. McKenzie). Those clinicians consistently described claimant as alert and fully oriented, with normal mood, affect, and behavior. While none of these clinicians is a mental health specialist, the undersigned finds it reasonable to conclude that if the claimant were truly experiencing severe depression with anxious distress, his providers would not consistently report that he was not in distress at appointments and showed normal affect and mood. (2) As discussed above, the claimant reported that he regularly rode his bike five miles per day, and for a time at least, he was able to drive a logging truck. Such activities require the ability to at least to [sic] perform simple routine tasks and well-learned semi-skilled tasks.

AR 34 (numbering added).

First, the ALJ discounted Dr. Weiss's opinion because Plaintiff was never treated for a mental health condition, and Plaintiff did not mention any mental health impairment symptoms to his primary care provider, his diabetes provider, or his hematologist/oncologist. AR 34. The ALJ noted Dr. Weiss based his opinion "on the claimant's self-report of symptoms as well as IQ testing." AR 34. When assessing a claimant's subjective symptom testimony, an ALJ may consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted). But an ALJ must consider the "possible reasons [a claimant] may not

comply with treatment or seek treatment consistent with the degree of his or her complaints."
*See* Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *9. The Ninth Circuit has held "the fact that [the] claimant . . . did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a physician's] assessment of claimant's condition is inaccurate." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). This is particularly true given that those afflicted with depression "often do not recognize that their condition reflects a potentially serious mental illness." *Id.* (citation omitted); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation").

Here, the ALJ's statement that Dr. Weiss's opinion is only based "on the claimant's self-report of symptoms as well as IQ testing" is inconsistent with the record. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (it is error for the ALJ to ignore or misstate competent evidence in order to justify a conclusion). Indeed, as Plaintiff points out in the Opening Brief, Dr. Weiss also based his opinion on the mental status exam and clinical interview he performed in the course of Plaintiff's psychological evaluation. *See* AR 507-508. Further, the ALJ has engaged in a "questionable practice" by holding Plaintiff accountable for not seeking treatment, and in doing so failed to appreciate the sensitive nature of mental illness and the potential that someone with mental illness may not appreciate the effects of having mental illness. The ALJ also found it significant that none of Plaintiff's other healthcare providers opined about Plaintiff's mental health status. But, in making such a conclusion the ALJ does not explain her reasoning and failed to consider the possibility that the first time Plaintiff saw a mental health professional was the first time Plaintiff's mental health issues

came to light. Additionally, the ALJ does not explain how Plaintiff's lack of treatment is inconsistent with Dr. Weiss's opinion. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Thus, the ALJ's first reason for discounting Dr. Weiss's opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Weiss's opinion because it was inconsistent with Plaintiff's "reported activities and associated demonstrated functioning" which included Plaintiff riding his bike for 5 miles a day and working as a logging truck driver for a period of time. AR 34. Dr. Weiss's psychological evaluation was done to analyze Plaintiff's vocational abilities, not his ability to carry out day-to-day activities. Courts have repeatedly stated that "a person's ability to engage in personal activities such as cooking, cleaning, and hobbies does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity." *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998). Here, the ALJ has not shown how Plaintiff's ability to ride his bike is inconsistent with Dr. Weiss's opinion regarding Plaintiff's marked to severe limitations as outlined above. *See O'Connor v. Sullivan,* 938 F.2d 70, 73 (7th Cir.1991) ("The conditions of work are not identical to those of home life."). Plaintiff's ability to ride his bike does not necessarily show he could "perform an eight-hour workday, five days per week, or an equivalent work schedule." *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed to explain how Plaintiff's ability to ride his bike shows he could sustain a full-time work schedule. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522, 523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the Social Security Act,

the person must be unable to sustain full-time work – eight hours per day, five days per week."). In addition, disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722.

The ALJ has also failed to show how Plaintiff's ability to drive a logging truck *before* his alleged onset of disability is inconsistent with Dr. Weiss's opinion. Plaintiff's work history prior to the alleged onset date is of limited probative value. *See*, *e.g.*, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *Swanson v. Sec'y of Health & Human Servs.*, 763 F.2d 1061, 1065 (9th Cir. 1985) ("[W]e caution that the critical date is the date of *onset* of disability…) (emphasis in original). Further, one of Plaintiff's last jobs was working as a driver for a scrap yard, where Plaintiff lost his employment due to not being "able to keep up a fast enough pace." *See* AR 57-58.[1] Plaintiff's inability to keep sufficient pace while working for the scrap yard is consistent with Dr. Weiss's opinion. Thus, the ALJ's second reason for discounting Dr. Weiss's opinion is not specific and legitimate and supported by substantial evidence.

Next, the ALJ afforded little weight to Dr. Weiss's opinion that Plaintiff is severely limited in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision, saying:

> (1) Except when lacking insurance, the claimant regularly treated with his providers, thus following a regular appointment schedule. It is not possible for someone who is not working to show regular attendance, (2) but the undersigned finds insufficient evidence in the record to conclude that the claimant would have

---

[1] The Court acknowledges Plaintiff rolled a logging truck while driving in 2017. However, the Court does not consider this to be evidence of Plaintiff's ability to work as a logging truck driver because: (1) Plaintiff said he was not working but instead was doing his father a favor by picking the truck up to avoid it getting impounded; and (2) Plaintiff was unsuccessful in driving the logging truck, as he rolled the truck onto its side and was hospitalized as a result. *See generally* AR 71-72.

> even a moderate problem in this area, much less a severe one. (3) In addition, the claimant was not noted often to be late to appointments.

AR 35 (numbering added).

First, the ALJ discounted this portion of Dr. Weiss's opinion because Plaintiff followed a schedule by regularly treating with his medical providers. AR 35. As mentioned above, "[t]he conditions of work are not identical to those of home life." *O'Connor*, 938 F.2d 70 at 73; *see* SSR 96-8p, 1996 WL 374184, at *1. Further, the ALJ failed to explain how Plaintiff's ability to periodically attend doctor's appointments demonstrates Plaintiff's capacity to maintain regular attendance and be punctual within customary tolerances in the workplace setting. *See Mulanax*, 293 Fed. Appx. 522 at 523 (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week."). The ALJ failed to explain how attending a doctor's appointment every so often for a short length of time is analogous to maintaining regular workplace attendance. Further, the ALJ seems to contradict herself in the next sentence when she says "[i]t is not possible for someone who is not working to show regular attendance" just after she states Plaintiff demonstrated regular attendance by going to his doctor's appointments. AR 35. Thus, the ALJ's first reason for discounting Dr. Weiss's opinion regarding Plaintiff's severe limitations in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted this portion of Dr. Weiss's opinion because there is lack of sufficient support in the record. The ALJ proved no substantive analysis to support this conclusion. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421-22 (internal footnote omitted).

Here, the ALJ merely notes there is insufficient evidence in the record to reach Dr. Weiss's opinion, provides no specific references to the record, and then uses this reasoning to afford Dr. Weiss's opinion less weight. Without providing specific and legitimate reasons for doing so, the ALJ's opinion is conclusory. *See Hess v. Colvin*, No. 14–8103, 2016 WL 1170875, at *3 (C.D. Cal. Mar. 24, 2016) *(*a conclusory statement is one that "stands alone, without any supporting facts"). Further, merely stating a doctor's opinion is inconsistent with the medical evidence "does not achieve the level of specificity our prior cases have required…" Thus, the ALJ's second reason for discounting the portion of Dr. Weiss's opinion regarding Plaintiff's severe limitations in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision is not specific and legitimate and supported by substantial evidence.

Third, the ALJ discounted this portion of Dr. Weiss's opinion because Plaintiff "was not noted often to be late to appointments." AR 35. This reason is very similar to the ALJ's first reason to discount this portion of Dr. Weiss's opinion and suffers a similar flaw—the ALJ failed to explain how attending a doctor's appointment on time every so often is analogous to maintaining regular workplace attendance. *See O'Connor*, 938 F.2d 70 at 73; *Mulanax*, 293 Fed. Appx. 522 at 523; SSR 96-8p, 1996 WL 374184, at *1. Thus, the ALJ's third reason for discounting the portion of Dr. Weiss's opinion regarding Plaintiff's severe limitations in performing activities within a schedule, maintaining regular attendance, and being punctual

within customary tolerances without special supervision is not specific and legitimate and supported by substantial evidence.

Next, the ALJ afforded little weight to the portion of Dr. Weiss's opinion that Plaintiff is severely limited in completing a normal work day and work week without interruptions from psychologically based symptoms, saying:

> To be sure, the claimant experiences his psychologically based symptoms regularly, (1) but the undersigned finds no basis in the record to conclude that he would be unable to complete a normal workday/workweek because of these symptoms. (2) It is significant that Dr. Weiss did not provide an explanation for any of the ratings given on this form, and the basis for them is not evident from his mental status exam or testing. The undersigned therefore concludes that the ratings were based on the claimant's subjective reports, but as noted, such reports were not made to treating clinicians and are largely contradicted by his demonstrated functioning.

AR 35 (numbering added).

First, the ALJ discounted this portion of Dr. Weiss's opinion because it is not supported by the record. The ALJ merely notes she found no basis in the record for Dr. Weiss's opinion, provides no specific references to the record, and then uses this reasoning to afford Dr. Weiss's opinion less weight. Without providing specific and legitimate reasons for doing so, the ALJ's opinion is conclusory. *See Hess*, No. 14–8103, 2016 WL 1170875 at *3. Further, merely stating a doctor's opinion is inconsistent with the medical evidence "does not achieve the level of specificity our prior cases have required…" Thus, the ALJ's first reason for discounting the portion of Dr. Weiss's opinion regarding Plaintiff's severe limitations in completing a normal work day and work week without interruptions from psychologically based symptoms is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted this portion of Dr. Weiss's opinion because the basis for the opined limitations is not in Dr. Weiss's testing notes, and Dr. Weiss does not explain any

of his findings. AR 35. Because Dr. Weiss does not explain his findings, the ALJ concludes Dr. Weiss's opinion was based on Plaintiff's subjective reports and discounts these reports because they were not made "to treating clinicians and are largely contradicted by his demonstrated functioning." AR 35. This conclusion is inconsistent with the record. *Gallant,* 753 F.2d 1450 at 1456 (it is error for the ALJ to ignore or misstate competent evidence in order to justify a conclusion). As mentioned above, Dr. Weiss also based his opinion on the mental status exam and clinical interview he performed in the course of conducting a psychological evaluation of Plaintiff. *See* AR 507-508. Again, Dr. Weiss's psychological evaluation was done to analyze Plaintiff's vocational abilities, not his ability to carry out day-to-day activities. So, the ALJ's reliance upon Plaintiff's "demonstrated functioning" is inaccurate, and thus inappropriate in this context. *See O'Connor*, 938 F.2d 70 at 73. The Court finds the ALJ's second reason for giving little weight to the portion of Dr. Weiss's opinion regarding Plaintiff's severe limitations in completing a normal work day and work week without interruptions from psychologically based symptoms is not specific and legitimate and supported by substantial evidence.

Accordingly, for the above stated reasons, the Court finds the ALJ erred in affording Dr. Weiss's opinion little weight.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir.2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made

"'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, the ALJ erred in affording reduced weight to Dr. Weiss's opinion. Had the ALJ properly considered Dr. Weiss's opinion, the RFC may have included additional limitations. Dr. Weiss found Plaintiff has marked limitations in understanding, remembering, and persisting in tasks by following detailed instructions. AR 506. He also found severe limitations in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision, and in completing a normal work day and work week without interruptions from psychologically based symptoms. AR 506. The RFC did not include Plaintiff's limitations from his psychologically based symptoms. *See* AR 28. If Dr. Weiss's opinion had been given greater weight, the hypothetical questions to the vocational expert and the RFC may have included additional limitations, changing the ultimate disability decision. *See Molina*, 674 F.3d at 1115-117. Therefore, the ALJ's error is not harmless and the ALJ is directed to reassess Dr. Weiss's opinion on remand.

    B.  <u>Drs. Saue, Stevick, McKenzie, and Atabeygi</u>

Plaintiff argues the ALJ improperly afforded great weight to the joint opinion of Drs. Saue and Stevick. Dkt. 17, p. 8. Plaintiff also asserts that, had the ALJ properly considered the opinions of Drs. McKenzie and Atabeygi, the RFC would have included further limitations. Dkt. 17, pp. 6-8. The Court concludes the ALJ committed harmful error in assessing Dr. Weiss's opinion and must re-evaluate his opinion on remand. *See* Section I, *supra*. Because the ALJ's reconsideration of Dr. Weiss's opinion may impact the assessment of Drs. Saue and Stevick's joint opinion, as well as Dr. McKenzie's and Atabeygi's opinions, the ALJ must re-evaluate these opinions on remand.

**II. Whether the ALJ properly considered Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations. Dkt. 17, p. 8. The Court concludes the ALJ committed harmful error in assessing Dr. Weiss's opinion and must re-evaluate the opinions of Drs. Weiss, Saue, Stevick, McKenzie, and Atabeygi on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact the assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony on remand.

**III. Whether the ALJ erred in assessing Plaintiff's RFC and finding Plaintiff not disabled at Step 5.**

Plaintiff asserts the ALJ erred in assessing his RFC and finding him not disabled at Step 5 of the sequential evaluation process because the RFC and hypothetical questions did not contain all Plaintiff's functional limitations. Dkt. 17, p. 16. The Court concludes the ALJ committed harmful error when he failed to properly consider Dr. Weiss's opinion. *See* Section I, *supra*. The ALJ is directed to re-evaluate the opinions of Drs. Weiss, Saue, Stevick, McKenzie, and Atabeygi, and Plaintiff's subjective symptom testimony on remand. *See* Sections I, II, *supra*. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the new RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct.

22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 9th day of December, 2019.

David W. Christel
United States Magistrate Judge